All right. Good morning. Please proceed when you're ready. Good morning, Your Honors. May it please the Court, Anoush Hakimi for Appellant Lassandra Price requesting three minutes for rebuttal, please. There's no rebuttal. Your Honors of the 9th Circuit. Counsel, there's no rebuttal in this case because there's no appearance by the other side. So you have 10 minutes. I wasn't sure if anyone showed up, Your Honor. Thank you. Your Honors of the 9th Circuit, if we let the District Court's decision stand saying a default judgment isn't a judgment on the merits, then folks could just ignore every lawsuit, twirl their thumbs while the Court enters judgment against them, and walk away scot-free without ever lifting a finger to defend themselves. That would turn our federal courts into nothing but expensive suggestion boxes. We're here because the appellant, a woman fighting Parkinson's disease in a wheelchair, did what the Congress invited her to do under the Americans with Disabilities Act. She sued the appellees for architectural barriers that turned a simple shopping trip into an obstacle course of humiliation. What condition of family dollar is a condition that was noncompliant that will have to be changed within 180 days? Is there something that's equivalent to the Fisher case where the inn is going to have to put an insert into their manual, a changed legal relationship as a result of this judgment? It was significantly more than that, Your Honor. There was architectural barriers in the routes of travel. The parking was not compliant. The door was not compliant. The entrance was not compliant. The aisles within the store were narrow. It was essentially a humiliating experience for her to go shopping here, and it made it very difficult for her, and that's why she brought the case. And the Court ordered all of these barriers to be removed within 180 days. It wasn't as simple as in the Fisher case of simply putting an insert. The appellees here would be required to hire contractors to get various painters, the wet mops, permits, and do significant work to bring the property into compliance. So this is a far higher standard of requirement than in the Fisher case, Your Honor. Help me with some of the criticisms that the District Court had at the end of its opinion about how the motion for attorney's fees was just copied and pasted from some other case and didn't reference the procedural history of this case and referenced a plaintiff by a different pronoun and those kinds of issues. Well, Your Honor, there were some errors, but if 31.2 hours of work on a case where the defendant essentially played hide-and-seek with the process server and then goes to the entire lawsuit is unreasonable, then, you know, plaintiff's attorneys and the ADA have only one solution, and that's to follow one-page form and pray that the defendants feel guilty enough to fix the property. The District Court ultimately... Counsel, did the billing submitted to the Court include billing for the underclaim? No, they did not, Your Honor. So that was a mistake by the District Court when it said it was billed for that? Correct. There's really... Something that is confusing to us is how the District Court would even know whether the undertime was in there or it was not in there. We submitted the time for the ADA, and it was a substantially reduced time. And even if there was a reasonableness or the fees were unreasonable, the Court had to do that analysis. It couldn't be zero. There has to be... The Hensley analysis needs to be completed. The reasonable rates needs to be determined. The reasonable number of hours needs to be determined. Is the District Court not entitled to tell you to refile the motion when it's a motion that seems like it was filed from a different case, perhaps, just based on some of the language in the motion? We would have happily done that, Your Honor. They didn't give us that option. Is there any direct Ninth Circuit case that has actually reached the question as to whether you prevail on the merits if all you get is a default judgment? Is there a case directly on point? There's multiple cases, Your Honor. The first one was decided in 2018. That's Vogel. That found that a default judgment entered against an ADA defendant was a prevailing party. And then four years later, our firm actually brought another appeal, Machowski v. 333 North Placentia. And that case is on all fours with our case, where the supplemental jurisdiction on the unruh claim had been denied. It was also a default judgment. And this court in Machowski determined that the plaintiff was the prevailing party when all the plaintiff got was injunctive relief and no damages. So you would be satisfied if we were to deem you to be the prevailing party, send it back, and then allow another go at the attorney's fees motion to correct the deficiencies pointed out by the court? Because it does seem to be a cut-and-paste job. We would be happy with that outcome, Your Honor. All right. Thank you. Do my colleagues have any additional questions? Judge Press? Thank you, counsel. The matter is submitted. Thank you, Your Honors.
judges: Higginson, NGUYEN, BRESS